IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID KENT FITCH** | § | |
| | § | |
| v. | § | A-09-CA-431 JRN |
| | § | |
| **HARLEY LAPPIN, DIRECTOR U.S.** | § | |
| **BUREAU OF PRISONS and** | § | |
| **CLAUDE MAYE, Warden, FCI Bastrop** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: David Kent Fitch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Doc. No. 1) and numerous Memorandums in Support of the Petition; Petitioner's Motion for Court Order to Stop Transfer (Clerk's Doc. No. 8); Petitioner's Motion for Preliminary Injunction (Clerk's Doc. No. 11); Petitioner' Motion to Appoint Counsel (Clerk's Doc. No. 14); Petitioner's Motion to Strike Unverified Hearsay Statements in PSR (Clerk's Doc. No. 25); Motion to be Present During Court's Ruling on § 2241 Petition (Clerk's Doc. No. 28); and Respondents' Motion to Dismiss Petitioner's 28 U.S.C. § 2241(Clerk's Doc. No. 31).

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Petitioner David Kent Fitch has a lengthy history of filing frivolous and duplicative lawsuits in the federal courts. *See* PACER U.S. Party/Case Index; Exhibit B to Respondents' Motion to

Dismiss (summarizing some of petitioner's prior federal litigation).[1] On June 29, 2004, Petitioner was indicted in the District of Nevada for violating 18 U.S.C. § 1029(a)(2) (Fraudulent Use of an Access Device); 18 U.S.C. § 1344 (Bank Fraud); 18 U.S.C. § 1029(a)(2) (Attempted Fraudulent Use of an Access Device); 18 U.S.C. § 1956(a)(1)(B) (Laundering Monetary Instruments); and 18 U.S.C. § 1957 (Money Laundering). After a jury found Petitioner guilty on all sixteen counts of the second superseding indictment, the District Court sentenced him on December 6, 2007, to 262 months imprisonment, followed by a 60 month term of supervised release, a $1,600.00 assessment and a $75,000.00 fine. See Judgment in *United States v. Fitch*, 2:04-CR-262 JCM-PAL (D. Nev. Dec. 12, 2007). Although the Court of Appeals for the Ninth Circuit dismissed one of Petitioner's direct appeals as duplicative (Doc. # 244), his remaining appeal is still pending before the Ninth Circuit.

In his most recent § 2241 Petition, filed in the instant Court on June 3, 2009, Petitioner alleges a plethora of claims, including that: (1) the District Court misapplied the Sentencing Guidelines and imposed an illegal sentence; (2) he was denied the effective assistance of counsel; (3) the Bureau of Prison's ("BOP") decision to place him in solitary confinement violated his due process rights; (4) the BOP denied him adequate medical care in violation of the Eighth Amendment; (5) the BOP interfered with his access to the courts and informed other inmates about his criminal history.[2] Petitioner requests that the Court issue an order for his immediate release back into the general prison population.

---

[1] See e.g., *Fitch v. Adams, et. al*, 3:2005-CV-220 (S.D. Tex. April 22, 2008) (dismissing *Bivens* suit as frivolous); *Fitch v. Adams, et. al,* No. 06-40625 (5th Cir. April 17, 2007) (affirming dismissal of *Bivens* suit filed in Eastern District of Texas for failure to plead constitutional violations); *Fitch v. Adams, et. al.,*1:05-CV-256 (E.D. Tex. May 24, 2005) (dismissing lawsuit as improvidently filed).

[2] Petitioner also raises these claims in a separate *Bivens* action currently pending before the District Court. *See Fitch v. Lappin, et. al.,* A-09-CV-583 JN.

## II. DISCUSSION

Petitioner's § 2241 Petition must be dismissed because he has failed to exhaust his administrative remedies in this case. A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); See also, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (a petitioner seeking habeas relief under Section 2241 "must first exhaust his administrative remedies through the Bureau of Prisons"); *Jones v. United States District Court*, No. A-07-CA-492-SS, 2007 WL 863541, *1 (W.D. Tex. June 28, 2007) (Austin, Mag. J.) (recommending dismissal of Section 2241 petition for failing to exhaust administrative remedies). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (citation omitted). The petitioner bears the burden of showing the futility of exhaustion. *See Id.* Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *See Id.*

The record demonstrates that Petitioner has not exhausted his administrative remedies through the BOP regarding any of the claims presented in this case. *See* Respondent's Response at Exhibit A, Declaration of Martin Joseph Sweaney. Further, Petitioner has failed to carry his burden of showing that administrative remedies are either unavailable or wholly inappropriate to the relief sought or that exhausting his claims through the administrative process would be futile. Accordingly, Finch's § 2241 Petition must be dismissed for failure to exhaust administrative remedies.

Even if Petitioner had exhausted his administrative remedies, his petition would still be dismissed because his claims are not cognizable in a § 2241 petition. Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, Petitioner is complaining that he is being deprived of necessary medical care in prison, that he is suffering from excessive discipline and that he is being denied access to the courts. Such claims are an attack on the conditions of his confinement and are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Thus, these claims are outside the proper scope of a § 2241 Petition. *See Schipke v. Van Buren,* 2007 WL 2491065 at *1 (5th Cir. Aug. 30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised by petitioner challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release and thus should have been raised in *Bivens* action). As noted earlier, Petitioner is currently pursuing a *Bivens* action which raises essentially the same claims as asserted in his § 2241 Petition. *See Fitch v. Lappin*, et. al., A-09-CV-583 JN.

In addition to Petitioner's civil rights claims, he also alleges that he was denied the effective assistance of counsel and argues that the District Court misapplied the sentencing guidelines and thus imposed an illegal sentence. Such claims are also outside the scope of § 2241. "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant

4

to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A motion under 28 U.S.C. § 2255 is the vehicle for attacking errors that occurred "at or prior to sentencing" and must be filed in the court that sentenced the defendant. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. Because Petitioner has only alleged errors that occurred during or before his sentencing, and his claims do not fall within the so-called "savings clause" provision of § 2255, his claims are outside the scope of a § 2241 motion.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss David Kent Fitch's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 31). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** without prejudice Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Doc. No. 1) in its entirety and **DENY** all other relief (Clerk's Doc. Nos. 8, 11, 14, 25, & 28) requested by Petitioner.

The undersigned **FURTHER RECOMMENDS** that the District Court include within its judgment a provision expressly and specifically **WARNING** David Kent Fitch that filing or pursuing any further federal lawsuits which raise duplicative claims will result in sanctions pursuant to Fed. R. Civ. P. 11. Finally, it is HEREBY ORDERED that this case be removed from the Magistrate's docket and returned to the District Court's docket.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14 day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE